**CHRISTINE SALA TILO, Plaintiff,**

v.

**PROGRESSIVE INSURANCE CO., SAMAELI TUI,
and STARKIST SAMOA, INC., Defendants.**

High Court of American Samoa
Trial Division

CA No. 81-03

December 3, 2004

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Tauivi Tuinei
　　　　　For Defendants, Jeffrey Waller

OPINION AND ORDER

## Introduction

On the evening of August 8, 2003, Plaintiff Christine Tilo ("Christine") was driving a sedan westbound on Highway 1 when a truck owned by Defendant Starkist Samoa, Inc. ("Starkist") and operated by Starkist employee, Defendant Samaeli Tui ("Tui"), entered onto the highway from the Starkist cannery premises. The two vehicles collided. Christine allegedly sustained both personal injuries and damages to the vehicle she was driving, owned by her husband Vasaga Tilo ("Vasaga").

On October 3, 2003, Christine filed this action against Starkist, Tui and Defendant Progressive Insurance Co. ("Progressive"), insurer of Starkist's vehicle, alleging that Tui's negligent driving caused her personal injuries and property damage, and seeking to recover damages from the three Defendants. On October 25, 2004, this action went to trial. Both counsels were present.

After careful consideration of witness testimony, trial exhibits, and party arguments, we conclude that Christine has adequately established that Tui was negligent, causing both personal injuries and property damage, and that Tui, Starkist, and Progressive share in the liability to Christine. Christine is therefore entitled to compensation.

## Discussion

Christine brings suit against Tui, the driver of Starkist's vehicle, a 2001 International truck, and against Starkist as Tui's employer. Under the doctrine of *respondeat superior*, an employer is liable for the tortious conduct of its employee when that employee is acting in the course and scope of his employment relationship. *See, e.g., Fa`aola v. Taumua*, 27 A.S.R.2d 115, 118-19 (Trial Div. 1995). Thus, in the present case, because the collision occurred as Tui was exiting Starkist's facilities in a company owned truck in the furtherance of employment activities, any causal negligence on Tui's part subjects Starkist to equal liability.

### I. Personal Injuries

Motorists have a duty to exercise care on the roadway and a duty to refrain from careless driving. *See* A.S.C.A. §§ 22.0406, 22.0701; *Sciascia v. Lutali*, 23 A.S.R.2d 38 (Trial Div. 1992); *Alofipo v. Va*, 20 A.S.R.2d 119 (Trial Div. 1992). Failure to operate a motor vehicle with ordinary or reasonable care, which persons of ordinary prudence would use under the circumstances, is negligence. *Maifea v. National Pacific Ins. Co.*, 27 A.S.R.2d 104 (Trial Div. 1995). In the present case, Tui was not using ordinary or reasonable care under the circumstances. Christine

was traveling westbound on the main highway, and Tui entered and crossed the center of the highway into the path of Christine's vehicle, without properly ascertaining whether oncoming traffic had sufficiently cleared to make entrance onto the highway safe. The right front of the truck struck the left front fender area of Christine's vehicle. Christine was not speeding and did not have sufficient time to take any action to avoid the collision. As Christine had the right of way, it was Tui's duty to wait until traffic was clear before entering onto the highway. Consequently, Tui, and in turn Starkist, breached their duty of care to Christine by Tui's manner of entering the highway.

■ In an action for negligence, a plaintiff bears the burden to prove that, more likely than not, the defendant's conduct is both the cause-in-fact and the proximate cause of the relevant injury. *Ale v. Peter E. Reid Stevedoring, Inc.*, 25 A.S.R.2d 142, 145 (App. Div. 1994). In the current case, we are not dealing with a convoluted chain of events or outside causes that cloud the link between Tui's conduct and Christine's injuries and damage. The incident is straightforward. Starkist's vehicle, operated by Tui upon entering onto the highway simply collided with the vehicle driven by Christine. Tui's conduct is therefore both the direct and proximate cause of Christine's personal injuries and the damage to Vasaga's vehicle.

■ In awarding damages for personal injuries, a plaintiff is entitled to recover the reasonable value of medical services rendered to him because of the injury. *Puailoa v. Barber*, 19 A.S.R.2d 48, 51 (Trial Div. 1991). In this case, Christine alleges that she has suffered injuries to her neck, left hand, and back. Christine lists $12.75 for the cost of medical expenses as the only medical bill received, and states that she does not anticipate further medical expenses. This amount is certainly reasonable.

■ Christine is also entitled to reasonable compensation for her pain, discomfort, fears, anxiety and other mental and emotional distress that she has suffered and was caused by her personal injuries resulting from the accident. On the scale of damage awards in American Samoa, fairly mild injuries frequently result in awards or settlements in the range of $10,000 while serious and painful injuries result in awards up to $50,000. *Moors v. American Samoa Gov't*, 19 A.S.R.2d 67, 68-69 (Trial Div. 1991). Christine suffered and still experiences episodes of lower back pain inducing nausea and headache; that the pain is aggravated by coughing, laughing, and sneezing, and radiates down to her lower limbs. Christine also suffered and still undergoes anxiety and fear of driving and other moving vehicles as a result of the collision.

After considering the evidence, we conclude that Christine is entitled to recover $25,000 for her pain and suffering, plus her $12.75 cost of medical care, a total of $25,012.75 as damages for her personal injuries.

## II. Property Damage

Defendants argue that Christine cannot bring a cause of action to recover damage to the vehicle, because her husband Vasaga is the vehicle's sole registered owner of record. Defendants maintain, then, that only Vasaga, as the registered owner, has standing to pursue a claim for the property damage.

A court may refuse to determine the merits of a claim on the ground that, even though the claim may be correct, the litigant advancing it is not properly situated to be entitled to its judicial determination. *See Jennings v. Thompson*, 25 A.S.R.2d 77, 82 (App. Div. 1994). Standing focuses on the party and not the issue to be adjudicated. *Id.* However, while courts are generally instructed to refrain from hearing cases based on the rights of third parties not involved in the litigation, they may permit third party standing in cases where: 1) there is a close relationship between the litigant and the third party or 2) the third person is somehow disabled from asserting its own right. *Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port*, 335 F. Supp. 2d 275, 284 (D. Conn. 2004); *see also* Erwin Chemerinsky, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES, § 2.5.4 at 82-84 (2d ed. 2002). This test for third-party standing is prudential, rather than stemming from the "case or controversy" requirement, and is up to the court to balance factors to determine if standing is warranted. *See Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.*, 280 F.3d 278, 288-89 (3d. Cir. 2002).

In the current case, Defendants correctly point out that Vasaga, the vehicle's registered owner, could have asserted his rights relating to property damage on his own behalf. He testified as a witness in this case. Nevertheless, examining the close relationship between the Vasaga and Christine, we find that Christine's interests are so closely aligned with her husband Vasaga's rights as to allow third-party standing for damage to the vehicle in this case. The fact that Christine and Vasaga are married is not itself determinative of this "close relationship" for standing purposes. Rather, because, as both Christine and Vasaga indicated, they consider the vehicle to be their marital property and fully shared in the vehicle's use as transportation for both mutual and separate purposes, Christine, although not the actual owner, has an equal motive to serve fully and vociferously as the proponent of her husband Vasaga's rights as would Vasaga himself were he the plaintiff.

Because the damage to the vehicle arose from the same negligent conduct causing Christine's personal injuries, we need not repeat our earlier negligence analysis, and instead need only determine the appropriate damage award relating to the damage to the vehicle. The measure of damages to personal property injured but not wholly

destroyed is usually: "(a) either (1) the difference between the value of the property immediately before and after the accident, or (2) at the owner's option when the property is economically repairable, the reasonable cost of repair, with due allowance for any difference between the original value and the value after repairs; and (b) loss of use." *Fuia v. Tua*, 23 A.S.R.2d 70, 73 (Trial Div. 1992). Loss of use is based on the use value or the amount paid for a substitute during the period when the owner is prevented from using his personal property. *Id.* at 73-74. This time period is generally defined as the time reasonably required for repairing the property. *Id.* at 74.

Here, Christine opted to rely solely on the reasonable cost of repair as the basic measure of recoverable damages for the damage to the vehicle. She did not present any evidence of the vehicle's before and after fair market value, or any diminished value after repair. Christine established the cost of parts and labor in repairing the vehicle, totaling $4,242.00. This repair cost is reasonable. She also incurred a $125.00 expense for towing the vehicle to the repair shop. This, too, is reasonable. She did not present any evidence of the compensatory value of the vehicle's loss of use while undergoing repair. However, Christine was unable to pay this repair cost when the repairs were completed on February 16, 2004, and as a result, she has incurred consequential and foreseeable charges for continuing storage of the vehicle at the repair shop at the rate of $10.00 per day, beginning five days later on February 23, 2004. The storage charges totaled $2,440.00 as of the October 24, 2004, and are still increasing by the $10.00 daily storage charge from the beginning of the trial on October 25.

▮▮▮▮ Although we have recognized that a plaintiff in cases of property damage has a duty to mitigate those damages, this duty may be moderated when delays are encountered because necessary acts are unreasonable. *Fuia v. Tua*, 23 A.S.R.2d at 73-74. Indeed, in *Fuia*, the court cited *Valencia v. Shell Oil Co.*, which held that "[t]he duty to minimize damages does not require an injured person to do what is unreasonable or impracticable, and, consequently, when expenditure are necessary for minimization of damages, the duty does not run to a person who is financially unable to make such expenditures." 147 P.2d 558, 561 (Cal. 1944). In the present case, the continuing storage charges would not have been incurred had Christine been able to pay the repair bill. However, because her financial condition prevented such payment, the accrued and continuing storage charges are properly assessed against Defendants.

We conclude that Christine is entitled to recover $4,242.00 for the reasonable cost of repairing the vehicle, $125.00 for the reasonable towing charge, and $2,440.00 for charges of storing the vehicle at the repair shop after the repairs were completed, a total of $6,807.00, plus

additional storage charges at $10.00 per day from October 25, 2004, until the repair and storage charge bills are paid in full, as damages for the property damage to the vehicle.

## III. Comparative Negligence

Defendants urge that, pursuant to the statutorily adopted doctrine of comparative negligence, A.S.C.A. § 43.5101, should we award Christine damages for personal injuries or property damage, or both, the damages should be reduced by an amount that proportionately reflects Christine's own negligence as a proximate cause of the accident. However, as we find that Christine operated her vehicle in a reasonably prudent manner under the circumstances, there is no reason to reduce our award of damages on the basis of comparative negligence.

## Order

1. Christine is awarded $25,012.75 as damages for her personal injuries and $6,807.00 as damages for the property damage to the vehicle, a total of $31,819.75, plus charges at $10.00 per day accruing for storage of the vehicle at the repair shop from October 25, 2004, until the repair and storage costs are paid in full.

2. Tui and Starkist are jointly and severally liable to Christine for the entire amount of the damages awarded to her. Progressive is jointly and severally liable with Tui and Starkist to Christine to the full extent of its liability covered under the vehicle insurance policy contract Progressive issued to Starkist.

It is so ordered.